### JEFFERSON CREE *v.* ABNER LORD.

[IN CHANCERY.]

#### *Bill to Redeem. Tender. Costs.*

In a bill to redeem, where, upon the hearing, the orator claimed that something should be deducted from the amount due defendant in equity, but made no alle gation in his bill that defendant had received any such rents, and only alledged that defendant threatened to do so, and had actually turned his cattle upon the land, and the bill contained no prayer for any account of such rents, and the orator did not claim to have any such account taken in the Court of Chancery; *it was held,* that in finding the amount due in equity, no deduction should be made on account of rents and profits received by defendant.

And where the orator's bill to redeem, puts the case upon the ground, that the amount due upon the mortgage has been tendered, and the case showed that the orator did not tender sufficient to pay the amount and the costs, including costs of defendant's writ of possession and executing the same, *it was held,* that the tender was insufficient, and that defendant is entitled to his costs in the present proceeding.

It was also held, that the costs of the writ of possession, and the executing of it, should be reckoned as much as the other costs.

APPEAL from the Court of Chancery. The orator alledged in his bill, that one John Beckwith, of Sutton, was the owner, on the sixth day of July, 1843, in fee, of certain premises in said Sutton, and that said Beckwith, on said sixth day of July, 1843, executed a mortgage deed of said premises, in due form of law, to one Thomas Leavitt, to secure the payment of a certain promissory note, dated on the said sixth day of July, for the sum of one hundred and thirty-one dollars and eight cents, payable to the said Leavitt or order, in the month of January, 1844, with interest, and signed by the said Beckwith.

And that said Leavitt, on the 15th day of November, 1843, duly endorsed said note, and assigned the said mortgage to one Abner Lord, the defendant. That on the 7th day of August, 1843, the said Beckwith, being indebted to the orator, in the sum of three hundred dollars, specified in a note of that date, payable in three years from date, with interest, secured the same by mortgage of the said premises, duly signed by said Beckwith, and the said mortgage recorded in due form of law on the said 7th day of August, 1843.

And that on the 10th day of June, 1844, the said Lord, (defendant,) commenced a suit or bill in chancery, in his own name, against the said Beckwith, returnable to the then next June Term of the Court of Chancery, at Irasburgh; that said bill was duly served on said Beckwith, and duly entered in said court.

That at the December Term of said Court of Chancery, in 1844, said Beckwith was decreed by said court, to pay to said Lord the sum of one hundred and nineteen dollars and thirty-two cents, the same being the sum found due from the said Beckwith, to the said Lord, in equity, upon said note, specified in the condition of said mortgage, to said Leavitt, from said Beckwith, with the interest up to the first day of January, 1845, and the further sum of thirty-one dollars, being the costs of said suit, all to be paid on or before the last Tuesday of December, 1845, with interest from the date of said decree, (the date being January 1st, 1845,) or be forever foreclosed of, and from all right in equity of redeeming said mortgaged premises.

That the orator was in no way made a party to said bill, or in any way notified of the commencement or pendency of the same, till after the final decree therein. And that said Beckwith not having paid the amount of said decree, the said Lord is now threat-

ening to take possession and go into the occupancy of said premises, and take the rents and profits of the same to his own use and benefit, and has turned his cattle upon the premises, &c., and threatens to cut down and destroy a sugar orchard standing upon the premises, and to do other waste upon the premises.

That the orator, on the first day of July, 1846, tendered and offered to pay to the said Lord, the full amount of the sum so found due, and the interest thereon since said first of January, 1845, amounting in the whole to the sum of $163 84, and that said Lord wholly refused to receive the same, or surrender up or assign his said mortgage, debt, &c. *Prayer*—that the said Lord be enjoined from entering upon or taking possession of the premises, and from taking the rents and profits of the same, and from committing any waste or destruction, &c.

The said defendant, Lord, answered—admits that said Leavitt transferred and assigned said note and mortgage, so executed to him by said Beckwith, to the defendant, and that the defendant in his own name commenced a suit or bill in chancery, and obtained a decree against said Beckwith, and that the orator was in no way made a party, &c., as the orator in his bill hath alledged; and, further answering, says, that said Beckwith, neglecting to redeem the said premises, within the time limited in the decree aforesaid, that on the 18th day of February, 1846, defendant took out his writ of possession of the said premises, and delivered said writ to one A. H. Bartlett, a deputy sheriff; and that on the 16th day of April, 1846, the said Bartlett, deputy sheriff, executed said writ, by removing said Beckwith from the premises, and gave the defendant peaceable possession of the same, &c.; and that defendant paid fifty cents for said writ, and one dollar and fifty-two cents for the serving of the same.

And the defendant denies that the orator, on said first day of July, or at any other time, offered to pay the defendant the sum of $163 84, in payment of said mortgage debt and the costs in his decree, against said Beckwith; but defendant says that one Edwards came to his house in Barton, on the first day of July, 1846, and offered defendant a quantity of bank notes, in payment of said mortgage debt and costs; the sum of said bank notes, defendant understood said Edwards to say, was $163, and defendant refused to receive the same, in the first place, because they were not a legal tender, and

so informed said Edwards ; and also, because they were not suffi-
cient to pay said mortgage debt, and costs in said decree, with the
sum of fifty cents for said writ of possession, with the further sum
of one dollar and fifty-two cents for serving the same, making in
all, with the interest on the sum specified in said decree, the sum
of $165 86 ; and the defendant further says that he is a poor man,
and would be glad to receive the sums aforesaid, with the interest,
and such costs as may be reasonable, and release any interest he
has in the premises, &c.

Traverse and testimony.   The testimony tended to prove, that
defendant, in the spring of 1846, sold or bargained the premises
to one Richard Willard, who was in possession from about the first
of May to the last of June, 1846 ; and that while in possession, he
drove some cattle upon the premises, and also cut about two acres
of the sugar orchard on the same.

It also appeared from the testimony, that the orator, on the first
day of July, 1846, tendered or caused to be tendered $163, or
$164, in bank bills, in payment of said mortgage debt and costs.

*J. Cooper*, for orator,

Insisted, that as the orator had tendered the sum decreed to be
paid, and the interest, he was entitled to recover his costs, and that
the after expenses, if proved, were no part of the incumbrance.

*J. H. Kimball*, for defendant,

Insisted, that the costs of the writ of possession, and the service
of the same, amounting to $2 02, should be added to the mortgage
debt and interest then due, and, when added, the sum due was
$165 86 ; and being more than the orator's pretended tender, that
the defendant is entitled to recover his costs.   *Smith* v. *Blaisdell
et. al.* 17 Vt. 199.

The opinion of the court was delivered by

REDFIELD, CH. J.   This is a bill to redeem.   The plaintiff
made a tender of what he called the sum due upon the mortgage.
He now claims that something should be deducted from that sum,
on account of rents and profits received by the defendant.   But
there is no allegation in the bill that the defendant had received
any such rents or profits, but only that he threatened to do so, and

had actually turned his cattle upon the land. But this is not treated as an act of receipt of profits, for no prayer for any account of such rents is contained in the bill. And there is nothing in the case to show that the orator ever claimed to have any such account taken in the Court of Chancery. And the plaintiff obtained an injunction upon his bill, restraining him from carrying his threats of taking the rents and profits into execution.

The bill evidently puts the case solely upon the amount due upon the mortgage having been tendered. And upon that ground the case seems to have been heard and decided. And this is all that is fairly involved in the case, as it seems to us.

And here it would seem that the tender was too small, if the plaintiff is entitled to all his costs, against Beckwith. We think there can be no doubt of this. The plaintiff was justified in pursuing his debtor, and it was the duty of this plaintiff to have paid the debt before costs were made; and if he did not, he should pay the costs which accrued in consequence of his neglect. And we think the costs of the writ of possession, and executing it, should be reckoned, as much as the other costs.

The tender then being insufficient, the defendant, upon general principles, is entitled to costs, and the decree of the chancellor is affirmed, and the case is remanded to the Court of Chancery, to be there carried into effect.

The chancellor will enlarge the time of redemption, in his discretion, upon the orator paying the interest and costs, which have accrued since the appeal.